**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Jennifer Lynn LaBENNE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 2011.

Filed May 26, 2011.

subsequent questions was hardly incriminating, as he simply stated that he had the gun

for protection.

Jarett R. Smith, Coudersport, for appellant.

David B. Ross, Coudersport, for appellee.

BEFORE: STEVENS, P.J., GANTMAN, and STRASSBURGER *, JJ.

OPINION BY STEVENS, P.J.:

Appellant, Jennifer LaBenne, appeals the judgment of sentence entered in the Court of Common Pleas of Potter County, following her conviction of Driving Under the Influence (DUI)[1] and related summary offenses. Appellant claims the evidence adduced at trial was insufficient to support her DUI conviction and that the Commonwealth abused its discretion in denying her admission to the Accelerated Rehabilitative Disposition (ARD) program. We affirm.

On the evening of March 25, 2008, Pennsylvania State Trooper Seth Ruff was patrolling traffic when he noticed Appellant's vehicle weaving within her lane. For that reason, Trooper Ruff followed Appellant's vehicle for approximately two miles and observed Appellant cross the centerline four times, during which her vehicle remained in the opposing lane for approximately 150–200 feet before returning to the right lane.

After observing Appellant's erratic driving, Trooper Rupp proceeded to pull Appellant's vehicle over to the side of the road. Trooper Rupp immediately noticed that Appellant's eyes were red and glassy and her pupils were constricted. Trooper Rupp noted that Appellant's movements were slow and sluggish and that her speech was slurred. After Appellant failed nearly all the sobriety tests Trooper Rupp administered, Trooper Rupp informed Ap-

---

* Retired Senior Judge assigned to the Superior Court.

1.  75 Pa.C.S.A. § 3802(d)(2).

pellant she was under arrest and transported her to the hospital where blood tests confirmed the presence of morphine and hydrocodone. Shortly thereafter, Trooper Rupp read Appellant her *Miranda* warnings in order to conduct a general interview. Appellant admitted she had taken nine different substances which included morphine sulfate and hydrocodone, two drugs for which she did not have current prescriptions.[2]

As a result, as Appellant was charged with DUI and related summary offenses,[3] Appellant requested that the Commonwealth recommend her for participation in the ARD program. After the Commonwealth refused her admission into ARD, Appellant filed a motion to compel her admission into ARD. On June 30, 2009, the trial court denied Appellant's motion to compel. On the same day, a bench trial was held in which the trial court convicted Appellant of DUI under 75 Pa.C.S.A. § 3802(d)(2) along with all of the summary offenses.[4] On August 5, 2009, the trial court sentenced Appellant to a term of imprisonment of not less than three (3) days nor more than six (6) months. Appellant filed this timely appeal and complied with the trial court's order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

■■■■ Appellant first claims there was insufficient evidence to support her DUI conviction. In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brooks,* 7 A.3d 852, 856–57 (Pa.Super.2010) (citations omitted).

Appellant was convicted of DUI under Section 3802(d)(2) which provides:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
>     \*      \*      \*
>
> **(d) Controlled substances.**—An individual may not drive, operate or be in

---

**2.** Appellant claimed she had been prescribed morphine sulfate and hydrocodone in 1989 and 2005, respectively, but admitted she did not have current prescriptions for either drug.

**3.** The summary offenses include careless driving (75 Pa.C.S.A. § 3714), driving on roadways laned for traffic (75 Pa.C.S.A. § 3309),

investigation by police officers (75 Pa.C.S.A. § 6308(a)), and registration card to be signed and exhibited (75 Pa.C.S.A. § 1311(b)).

**4.** In the criminal complaint, Appellant had also been charged with DUI under 75 Pa. C.S.A. 3802(d)(1)(ii), but the Commonwealth withdrew that charge before trial.

actual physical control of the movement of a vehicle under any of the following circumstances:

* * *

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2). Appellant expressly concedes that her driving was impaired, but claims that the Commonwealth failed to establish that her impairment resulted from being under the influence of a drug or a combination of drugs. *See* Appellant's Brief at 32. We disagree.

Appellant relies on *Commonwealth v. Etchison*, 916 A.2d 1169 (Pa.Super.2007), in which this Court reversed Etchison's DUI conviction under Section 3802(d)(2) because the Commonwealth did not prove that Etchison was under the influence of a controlled substance. However, *Etchison* is distinguishable from the instant case as the Commonwealth based its entire case against Etchison on the presence of marijuana metabolites in Etchison's blood. The Commonwealth's own expert testified that the presence of marijuana metabolites in an individual's blood is "not an indication of present impairment, but only that a substance was ingested previously," as marijuana metabolites are fat-soluble and may remain in the body *months* after consumption. *Etchison*, 916 A.2d at 1172; *Id.* at 1175–76 (Bender, J., concurring). As a result, this Court found that there was insufficient evidence to show Etchison was under the influence of a drug such that his ability to drive was impaired.

However, in the case *sub judice*, there is ample evidence to show Appellant was under the influence of a drug or combination of drugs which impaired her ability to safely drive her vehicle. At trial, Trooper Ruff testified to his personal observations of Appellant's extremely erratic driving in which she crossed into the opposing lane of traffic four times within a two mile interval. Based on this behavior and the physical signs of Appellant's impairment, such as her red, glassy eyes, constricted pupils, slow and slurred speech, sluggish movements, and her inability to pass sobriety tests, Trooper Ruff suspected Appellant was under the influence of a controlled substance. Appellant's blood test results revealed the presence of morphine and hydrocodone. Unlike *Etchison*, Appellant admitted to consuming controlled substances before driving, which included morphine and hydrocodone, two opiates for which Appellant had no current prescription.

The Commonwealth offered the expert testimony of a forensic toxicologist, Dr. Laura Labay, who testified that Appellant's symptoms were consistent with an individual under the influence of opiates. Given Appellant's symptoms and the concentrations of morphine and hydrocodone in her blood, Dr. Labay opined that the drugs could be responsible for Appellant's impairment in the absence of a more competent cause.[5] Based on our review of all the evidence admitted at trial in the light most favorable to the Commonwealth, we find the evidence was sufficient to find Appellant was under the influence of a drug or combination of drugs which impaired her ability to safely drive her vehi-

---

**5.** At trial, Appellant claimed for the first time that her driving was impaired due to high blood sugar levels caused by her diabetes, but did not offer any expert testimony to support this contention. The trial court considered her testimony, but "felt that the impairment to [Appellant's] driving resulted from the ingestion of controlled substances including several which were related to very old prescriptions." Trial Court Opinion, 10/19/09, at 4.

cle. As such, the trial court correctly upheld Appellant's DUI conviction under Section 3802(d)(2).

■ Appellant also claims the trial court erred in refusing to compel the Commonwealth to admit Appellant into the ARD program.[6] It is well-established and we reaffirm that district attorneys have the sole discretion in moving for admission of a defendant into ARD:

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Commonwealth v. Corrigan,* 992 A.2d 126, 130 (Pa.Super.2010) (quoting *Commonwealth v. Lutz,* 508 Pa. 297, 310, 495 A.2d 928, 935 (1985) (emphasis in original)). Once the Commonwealth denies a defendant admission into ARD, "the trial court's role is limited to whether the Commonwealth abused its discretion." *Commonwealth v. Sohnleitner,* 884 A.2d 307, 313 (Pa.Super.2005) (citation omitted). This Court has emphasized that "[t]he Commonwealth does not have the burden of proving the absence of abuse of discretion; rather, the petitioner has the burden of proving the Commonwealth's denial of his

request was based on prohibited reasons." *Id.* at 314.

■ Appellant specifically claims that the Commonwealth relied on an impermissible consideration in denying her request for ARD, namely, Appellant's failure to appear at a criminal conference and offer evidence of her efforts at rehabilitation. However, at a hearing held on this issue, the district attorney testified that the Commonwealth was not inclined to recommend Appellant for admission to ARD considering the seriousness of the offense involving Appellant's "extremely erratic driving." The district attorney also expressed concern that the ARD program could not provide Appellant with a long period of supervision, which Appellant would need for successful rehabilitation. Although the district attorney admitted she would have considered evidence of Appellant's efforts at rehabilitation in making her final decision, Appellant did not provide the Commonwealth with any such proof.

The trial judge found that the district attorney gave credible testimony in asserting that the Commonwealth did not deny Appellant ARD because Appellant failed to appear for a conference, but rather based its decision upon its view of what was best for both society and Appellant. We note that "the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Hughes,* 908 A.2d 924, 928 (Pa.Super.2006) (quoting *Commonwealth v. Zingarelli,* 839 A.2d 1064, 1069 (Pa.Super.2003), *appeal denied,* 579 Pa. 692, 856 A.2d 834 (2004)). As district attorneys

---

**6.** ARD "is a pre-trial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." *Commonwealth v. Lutz,* 508 Pa. 297, 303, 495 A.2d 928, 931 (1985).

have the sole discretion in moving for admission of a defendant into ARD, we find the trial court correctly upheld that discretion.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment affirmed.