J-A05002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAMIKA NEAL | |
| Appellant | No. 612 EDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010824-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

MEMORANDUM BY GANTMAN, P.J.:                     **FILED APRIL 06, 2015**

Appellant, Tamika Neal, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her bench trial conviction for driving under the influence ("DUI") general impairment.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE [TRIAL COURT] COMMITTED AN ERROR
> WHEN IT FOUND APPELLANT GUILTY OF VIOLATING 75
> PA.C.S.A. § 3802(a)(1), AN UNGRADED MISDEMEANOR

---

[1] 75 Pa.C.S.A § 3802(a)(1).

> CARRYING A MAXIMUM PENALTY OF SIX (6) MONTHS IN JAIL BECAUSE THE COMMONWEALTH FAILED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diana L. Anhalt, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed July 28, 2014, at 5-7) (finding: police officer observed Appellant drive her car through steady red light at intersection; Appellant drove at high rate of speed and in full view of police officer's marked cruiser; Appellant was in driver's seat and operating car; police officer pulled Appellant over and approached driver's side of vehicle; police officer smelled alcohol emanating from vehicle; Appellant had blood-shot, glassy eyes and slurred speech; Appellant admitted she had come from bar and had been drinking; police officer has arrested over ninety persons for DUI in his thirteen-year career; police officer had experience identifying intoxicated persons and signs of intoxication;[2] Appellant displayed signs of

---

[2] On cross-examination, the arresting officer testified he did not believe people could drink alcohol and safely operate a vehicle and that personally he was not a drinker. On this record we cannot say the officer's personal beliefs influenced the verdict or call it into question, given the other trial evidence including the officer's training and experience as well as Appellant's obvious alcohol-related symptoms.

intoxication familiar to police officer; police officer did not perform field sobriety tests or breathalyzer test; tests are not necessary to prove general impairment; tests and results of tests are just one factor to be considered, and for fact-finder to determine weight of evidence; sufficient evidence existed to prove Appellant operated vehicle in unsafe manner due to influence of alcohol; even if objection regarding field sobriety tests should have been overruled, error was harmless because properly admitted evidence was sufficient to prove offense). The record supports the trial court's decision; therefore, we seen no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judge Allen joins this memorandum.

Judge Shogan files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

**IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | NO.: CP-51-CR-0010824-2013 |
| | : | |
| V. | CP-51-CR-0010824-2013 Comm. v. Neal, Tamika<br>Opinion | Superior Court No.: |
| **TAMIKA NEAL** | <br>7179055261 | 612 EDA 2014 |

**FILED**
*JUL 2 8 2014*
Criminal Appeals Unit
First Judicial District of PA

**OPINION**

**ANHALT, J.**

Appellant in the above-captioned matter appeals this Court's judgment regarding the

Appellant's conviction for Driving Under the Influence (DUI). The Court submits the following

Opinion in accordance with the requirements of Pa. R.A.P. 1925(b). For the reasons set forth

herein, the Court holds that the underlying judgment should be affirmed.

**PROCEDURAL HISTORY**

On September 22, 2011, police arrested Appellant, Tamika Neal, and subsequently

charged her with Driving Under the Influence (DUI). Appellant went to trial before this court on

December 4, 2013, where the Court found Appellant guilty of the above charge. On January 23,

2014, the Court sentenced her to six months reporting probation and a $300 fine.

Appellant filed this timely appeal of the Court's decision on February 12, 2014. On

February 19, 2014, this Court ordered Appellant pursuant to Pa. R.A.P. 1925(b) to file with the

Court a Concise Statement of Matters Complained of on Appeal. Appellant filed his timely

1925(b) Statement on March 14, 2014.

**FACTUAL HISTORY**

At the trial for Appellant, police officer, Daniel Kennard, testified that at approximately 3-3:30 a.m. on February 26, 2012, his tour of duty took him to the intersection of North 17th Street and Diamond Street in the city and county of Philadelphia. (N.T., 12/4/13, pp. 6-7). Officer Kennard was driving by himself in a marked control car. Officer Kennard testified that while stopped at a red light at that intersection on Diamond Street going eastbound, he observed a 2003 Infinity driven by Appellant going westbound on Diamond Street on the opposite side disregard the steady red light and go straight through the intersection (N.T., 12/4/13, pp. 7-9, 13-14). At that point, the officer immediately made a u-turn and followed the vehicle and signaled for the vehicle to stop at 19th and Diamond. (N.T., 12/4/13, p. 9). Appellant pulled her vehicle over at 19th and Diamond. Appellant was in the driver seat and another female was in the passenger seat. (N.T., 12/4/13, p. 10). When Officer Kennard approached the vehicle, he testified that he smelled a great deal of alcohol from about seven inches away and that the Appellant had slurred speech and bloodshot eyes. (N.T., 12/4/13, p. 10). Appellant also told the officer that she was coming home from a bar, and was drinking. (N.T., 12/4/13, p. 27). The officer also asked Appellant for license and registration and Appellant provide only an ID card. The interaction between the officer and Appellant was about five to ten minutes. Officer Kennard went on to testify that he had been an officer for thirteen years and has observed numerous people under the influence of alcohol and has arrested over ninety individuals under the influence and alcohol (N.T., 12/4/13, pp. 11-12). And Officer Kennard testified that based on that experience he came to the opinion that the Appellant was under the influence of alcohol and could not operate the vehicle safely. (N.T., 12/4/13, p. 12). At that point, the officer place Appellant into custody. Because Appellant had no driver's license, the officer "live stopped" her

2

vehicle. He issued citations for driving without a license and for disregarding the red light. (N.T., 12/4/13, p. 14).

## DISCUSSION

**1. Appellant argues that the evidence was insufficient to sustain appellant's conviction for 75 Pa.C.S.A. § 3802(a)(1) because the Commonwealth failed to prove appellant consumed enough alcohol that she was incapable of operating a motor vehicle safely.**

When there is a challenge to the sufficiency of the evidence, the reviewing court must determine "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, [the court] may not weigh the evidence and substitute [their] judgment for the fact-finder." Commonwealth v. LaBenne, 21 A.3d 1287, 1289 (Pa. Super. 2011) (citation omitted). Any and all doubt in regards to the defendant's guilt "may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Id. Furthermore, the Commonwealth may meet its burden "by means of wholly circumstantial evidence." Id. This standard is not affected by a bench trial, as "a trial judge sitting without a jury is to do what a jury is required to do." Commonwealth v. Lee, 956 A.2d 1024, 1027 (Pa. Super. 2008).

"An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa. Cons. Stat. Ann. § 3802(a)(1) (2006). For a defendant to be guilty of general impairment, a person must imbibe in enough alcohol to substantially impair their ability to safely operate a motor vehicle. Commonwealth v. Mobley, 14 A.3d 887, 890 (Pa. Super. 2011). "'Substantial impairment' [is a] diminution or enfeeblement in the ability to exercise judgment,

3

to deliberate or to react prudently to changing circumstances and conditions." Commonwealth v. Ulrich, No. 3852/09 WL 6402860 (Pa. Com. Pl. October 4, 2010). To establish this, the Commonwealth must prove that the defendant was driving, operating, or in control of a vehicle during the time when they were rendered incapable of safely doing so due to alcohol consumption. Commonwealth v. Segida, 985 A.2d 871, 879 (Pa. 2009).

To show a driver's inability to safely operate a vehicle due to intoxication, the Commonwealth may offer any actions and behavior, including their observed driving, overall demeanor, physical appearance, such as bloodshot eyes and other physical signs of intoxication, odor of alcohol, and slurred speech, and other relevant evidence to show a driver's inability to safely operate a vehicle and intoxication. Segida 985 A.2d at 879. Under this subsection, a breath test is not necessary. Blood Alcohol Content ("BAC") and breath test evidence is not needed to sustain a conviction for general impairment. *See* Segida, 985 A.2d at 879 (Pa. 2009) ("Blood alcohol level may be [used], although it is not necessary"); *see generally* Commonwealth v. Brugger, 88 A.3d 1026, 1028 n.2 (Pa. Super. 2014); Mobley, 14 A.3d at 890. The lack of field sobriety tests is also not dispositive of a guilty finding. *See* Commonwealth v. Teems, 74 A.3d 142, 147 (Pa. Super. 2013). It is simply one of many factors that may be used as evidence to support a guilty verdict. It is not a necessary precursor to establish the defendant's intoxication at the time of the stop. The weight given to the evidence is an issue for the finder of fact, not a question of law. Segida 985 A.2d at 879. The fact finder may rely on experience, common sense, and/or expert testimony while weighing the evidence presented. Id.

Viewing the facts and reasonable inferences in the light most favorable to the verdict winner, the Commonwealth proved beyond a reasonable doubt that Appellant was operating a vehicle in an unsafe manner due to alcohol consumption.

4

Officer Kennard observed Appellant drive a 2003 Infinity through a steady red light at an intersection. (N.T., 12/4/13, pp. 7-8). She was driving at a high rate of speed in full view of the officer's marked police cruiser. (N.T., 12/4/13, p. 17). Appellant was in the driver's seat of the vehicle, operating the car. (N.T., 12/4/13, p. 12). When Appellant pulled her vehicle over, the officer got out and approached the driver's side of the vehicle. He smelled a great deal of alcohol emanating from the vehicle, and saw Appellant's bloodshot and glassy eyes. (N.T., 12/4/13, p. 10). When talking with Appellant, the officer noted her slurred speech. Id. Appellant also admitted she was coming home from a bar and had been drinking. (N.T., 12/4/13, p. 27).

While Officer Kennard has no formal training in DUI, he has been a police officer for 13 years, has arrested over ninety persons for DUI, and has observed numerous people under the influence of alcohol. (N.T., 12/4/13, pp. 11-12). He has vast experience with identifying intoxicated persons as a police officer, and was able to accurately identify the various signs of intoxication in Appellant. Even though the officer did not perform field sobriety tests, the tests and their results are only one factor to be considered. They are not a necessary factor to support a guilty verdict. The other evidence presented was sufficient to prove the necessary elements. The lack of field sobriety tests and their implications go to the weight of the evidence, which is left to the fact-finder.

Appellant also argues that there was no evidence of breath test result. However, a breath test, blood alcohol level, or BAC is neither needed nor necessary to prove general impairment under § 3802(a)(1). The lack of such evidence is not dispositive of a guilty finding, nor is such evidence necessary to support a guilty finding. This argument has no merit in a case of general impairment.

5

As such, the fact-finder could have reasonably found that Appellant's ability to safely drive was substantially impaired due to alcohol consumption. Therefore, reviewing the evidence presented, the evidence is more than sufficient to prove beyond a reasonable doubt that Appellant was operating a vehicle in an unsafe manner due to the influence of alcohol.

## 2. Appellant argues that the court erred by improperly sustaining an objection when the defense asked they officer why no field sobriety tests were performed.

Generally, "questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court." Soda v. Baird, 411 Pa. Super. 80, 86 (1991). But the trial court can still create a reversible error by admitting evidence that should have been excluded, and vice versa. When a non-constitutional error in state law arises, "the proper standard for determining whether such an error is harmless is a question of state law." Commonwealth v. Story, 476 Pa. 391, 405 (Pa. 1978). The error must be found to be harmless beyond a reasonable doubt. Id at 405-06. When an error does not create prejudice, or creates prejudice so small that it does not influence the jury, then it is harmless. Id. at 409-10. In other words, "an error is harmless if it did not contribute to the verdict." Id. at 409. Finally, an error may be found to be harmless if "properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." Id. at 412.

As addressed above, the absence of field sobriety tests is not dispositive of a guilty verdict, nor are they necessary in order to support a guilty verdict. Teems 74 A.3d at 147. They are simply one of many pieces of evidence the prosecution can offer to further their argument. Actions, demeanor, appearance, and other observed traits may be used in conjunction with or in place of field sobriety tests. Segida 985 A.2d at 879. The test results need not be offered into evidence, nor even conducted by the officer. It is logically implied that unnecessary evidence

6

needs no explanation as to why it was kept out, not offered, or not conducted. Therefore, the court was correct in sustaining the objection.

Even assuming that the objection should have been overruled, the error was harmless. The absence of an explanation for why field sobriety tests were not done did not contribute to the verdict, nor prejudice the fact-finder. The properly admitted evidence is overwhelming and outweighs any prejudice the fact-finder may have been subject to. Insomuch as the sustaining of the objection was an error, that error is harmless.

**CONCLUSION**

For the foregoing reasons, the Court's judgment finding the Appellant guilty of Driving Under the Influence (DUI) should be affirmed.

BY THE COURT:

_Diana L. Anhalt_

_____

DIANA ANHALT, J.

July 25, 2014

7

## PROOF OF SERVICE

I hereby certify that on the date set forth below, I caused an original copy

of the Judicial Opinion to be served upon the persons at the following locations, which

service satisfies the requirements of Pa. R.A.P. 122:

Joseph Kelly, Esquire
2556 East Alleghany Avenue
Philadelphia, PA 19102

Hugh Burns, Esquire
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Date: 7/28/14                    By: _Diana L. Anhalt_

                                     Diana Anhalt, Judge

8