**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN TREMAINE BOYD, | |
| Appellant | No. 2053 EDA 2017 |

Appeal from the Judgment of Sentence May 17, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0001111-2017

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 14, 2018**

Appellant, Kevin Tremaine Boyd, appeals from the judgment of sentence imposed following his bench trial conviction of driving under the influence. He challenges the sufficiency of the evidence. We affirm.

We derive the facts of this case from the trial court opinion and our independent review of the record. (***See*** Trial Court Opinion, 8/10/17, at 1-3; ***see also*** N.T. Trial, 5/17/17, at 1-34).

On the morning of September 13, 2016, at approximately 5:30 a.m., Officer Joseph O'Donnell, a trained and experienced Darby Borough police officer, was on routine patrol in the area of Fern and Lehman's Lane in Darby

---

[*] Retired Senior Judge assigned to the Superior Court.

Borough. Officer O'Donnell observed a BMW stopped on the side of the street with the headlights still on.

From his patrol vehicle, Officer O'Donnell could see that the front end of the BMW was damaged. Most notably, the driver's side tire was blown out. Officer O'Donnell observed a man inside the vehicle slumped over the steering wheel. When Officer O'Donnell exited his vehicle he observed that the driver's side window of the BMW was down, and the person sitting in the driver's seat, later identified as Appellant. Appellant was asleep and "slobbering all over himself." (Trial Ct. Op. at unnumbered page 2 (citing N.T. Trial, at 9)).

Officer O'Donnell testified that it took several minutes to get Appellant's attention. After the officer knocked on the vehicle several times and shook Appellant's shoulder, he regained consciousness and exited the vehicle, stumbling and holding onto the car to keep upright. Officer O'Donnell asked Appellant to walk to the back of the vehicle. Appellant tried but was unsteady on his feet. He had to hold onto the vehicle for support. Officer O'Donnell could smell alcohol on Appellant's breath. His eyes were bloodshot and glassy.

Officer O'Donnell determined that it would be unsafe for Appellant to perform any standard field sobriety tests without the risk of injuring himself. Officer O'Donnell located the keys inside the vehicle's ignition as well as a Four Loko, a 14% ABV (alcohol by volume) malt beverage, inside the center console. There was another Four Loko can on the passenger side floor.

Officer O'Donnell also observed fresh grass on the bottom portion of the bumper and a crack underneath the passenger side headlight on the bumper. The driver's side front tire was completely blown off the rim. (**See** N.T. Trial, at 8, 13-14). Appellant was subsequently arrested and charged with DUI-General Impairment.[1]

On May 17, 2017, after a non-jury trial, the court convicted Appellant of Driving Under the Influence—General Impairment, and sentenced him to a term of six month's intermediate punishment (probation). This timely appeal followed.[2]

Appellant presents one question for our review:

> Whether the evidence was insufficient to support the learned [t]rial [c]ourt's verdict of guilty of the charge of driving under the influence of alcohol because the [C]ommonwealth did not prove beyond a reasonable doubt that [Appellant] did drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle?

---

[1] In pertinent part, the statute provides:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

[2] Appellant filed a statement of errors on July 11, 2017. The trial court filed an opinion on August 10, 2017. **See** Pa.R.A.P. 1925.

(Appellant's Brief, at 6) (emphasis omitted).

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. LaBenne*, 21 A.3d 1287, 1289 (Pa. Super. 2011) (citation omitted). "A challenge to the sufficiency of the evidence is a question of law, subject to plenary review." *Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa. Super. 2005) (citation omitted). "The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty." *Id.* (citation omitted).

Here, Appellant maintains that the investigating officer, Officer O'Donnell, should have administered field sobriety tests. Nevertheless, even if those tests proved positive, Appellant also asserts that they would not have

- 4 -

proved that he was in actual physical control of a vehicle while driving under the influence. (**See** Appellant's Brief, at 9, 14). We disagree.

Appellant's argument overlooks our standard of review, which views the evidence, together with all reasonable inferences, in the light most favorable to the Commonwealth as verdict winner. **See LaBenne**, **supra** at 1289; **see also Commonwealth v. Toland**, 995 A.2d 1242, 1246 (Pa. Super. 2010), *appeal denied*, 29 A.3d 797 (Pa. 2011) (circumstantial evidence sufficient for trial court, sitting as factfinder, to conclude that appellant was in actual physical control of movement of motor vehicle; factfinder could reasonably infer that appellant drove to location where vehicle was found).

Appellant also suggests, but fails to develop, an argument that Officer O'Donnell should have attempted field sobriety tests. (**See** Appellant's Brief, at 9, 14). Appellant does not relate this claim to his argument, or offer any controlling authority in support of it. (**See id.**). Accordingly, this claim is waived. **See** Pa.R.A.P. 2119(a), (b). Moreover, it would not merit relief.

"A determination of actual physical control of a vehicle is based upon the totality of the circumstances." **Toland**, **supra** at 1246 (citation omitted).[3]

---

[3] Furthermore, while we are not bound by decisions of the Commonwealth Court, we observe that our sister Court has long held that field sobriety tests are **not** required for a police officer to form the reasonable belief that a driver was operating under the influence. **See, e.g.**, **Commonwealth, Dep't of Transp. Bureau of Traffic Safety v. O'Neill**, 514 A.2d 1008, 1009 (Pa. Cmwlth. 1986).

The results of a field sobriety test or the lack thereof, are but one factor for a factfinder to consider in the determination of whether a defendant was operating a vehicle under the influence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/18