J-S81040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY SHEROD BOONE, | |
| Appellant | No. 883 MDA 2017 |

Appeal from the Judgment of Sentence April 26, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0005209-2016

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED MARCH 14, 2018**

Appellant, Larry Sherod Boone, appeals from the judgment of sentence imposed on April 26, 2017, following his non-jury trial conviction of driving under the influence (DUI) of a controlled substance—impaired ability,[1] and related summary offenses.  He challenges the sufficiency of the evidence to prove that he was under the influence of a drug that impaired his ability to safely drive.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's July 14, 2017 opinion.

> On March 17, 2016, at approximately 11:30 p.m., Trooper [Harold] Flemming[, of the Pennsylvania State Police,] was on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(2).

patrol duty, stopped at a red light at the intersection of Oak View Drive and Route 30 in East Lampeter Township, Lancaster County, when his attention was drawn to a vehicle operated by [Appellant], traveling west with an inoperable passenger side headlight. Trooper Flemming stopped the vehicle for the inoperable headlight on westbound Route 30, near Greenfield Road. Video and audio recordings were made of the traffic stop and were introduced in evidence at trial.

After approaching the driver's side of the vehicle[,] and while explaining the reason for the stop to [Appellant], Trooper Flemming smelled the odor of marijuana emanating from the vehicle or [Appellant's] person and observed [Appellant] to be slow, sluggish, somewhat confused about the reason for the stop[,] and to have red, bloodshot glassy eyes. When asked for his driver's license, registration and proof of insurance, [Appellant] "was kind of like having a hard time trying to find that and get that together . . . ." ([N.T. Trial, 3/01/17,] at 15). [Appellant] produced his vehicle registration and insurance documents, but stated that his driver's license was suspended. Trooper Flemming confirmed that his license was suspended.

Because he "was getting cues and clues of [Appellant] being impaired," Trooper Flemming asked [Appellant] to get out of the vehicle so he could investigate further. (*Id.* at 16). The Trooper could still smell a strong odor of marijuana after [Appellant] was outside the vehicle. Questioned about the smell of marijuana, [Appellant] initially said that he had been with friends in Philadelphia who were smoking it. In response to the Trooper's question about alcohol consumption, [Appellant] denied drinking and said he just smoked some marijuana. He then expanded this statement to indicate he had smoked marijuana a couple hours earlier.

As part of his investigation, Trooper Flemming had [Appellant] perform two standardized field sobriety tests, the walk-and-turn and one-leg-stand tests, to test [Appellant's] motor skills and divided attention. [Appellant] did not indicate any reason he would be unable to perform the tests and the surface where the test was administered—dry, flat concrete—presented no problems.

(Trial Court Opinion, 7/14/17, at 2-4) (some record citations omitted).

At trial, Trooper Flemming testified that Appellant could not keep his balance during the walk-and-turn test, and that Appellant exhibited four of eight possible indicators (two indicators are needed to demonstrate possible impairment). (*See id.* at 4). Trooper Flemming explained that during the one-leg-stand test, Appellant exhibited two of four indicators (two indicators needed to show impairment). (*See id.*). Finally, Trooper Flemming explained that he administered the Advanced Roadside Impaired Driving Enforcement (ARIDE) Romberg balance test,[2] during which Appellant exhibited major eyelid tremors, indicating that he was under the influence of marijuana. (*See id.* at 4-5).

The court conducted a non-jury trial on March 1, 2017, after which it found Appellant guilty of DUI, driving while operating privileges were suspended, and no headlights. The court found Appellant not guilty of careless driving. On April 26, 2017, the court sentenced him to six months of intermediate punishment. This timely appeal followed.[3]

Appellant presents one question on appeal: "Did the trial court err in finding [him] guilty of DUI where the evidence presented by the

---

[2] In 2014, Trooper Flemming underwent ARIDE training to help identify when operators are under the influence of controlled substances. (*See* N.T. Trial, 3/01/17, at 6, 36).

[3] Pursuant to the court's order, Appellant filed his concise statement of errors complained of on appeal on June 22, 2017. The court entered its opinion on July 14, 2017. *See* Pa.R.A.P. 1925.

Commonwealth was insufficient to prove beyond a reasonable doubt that [his] ability to safely drive was impaired?" (Appellant's Brief, at 4).

In his issue, Appellant claims that the evidence was insufficient to convict him of driving under the influence. (*See id.* at 10-12). Specifically, he argues that, although he admitted to smoking marijuana three or four hours prior to driving, "the Commonwealth failed to produce evidence that showed [his] ability to safely drive was impaired." (*Id.* at 10; *see id.* at 10-11). We disagree.

> In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

>> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Appellant was convicted of DUI under Section 3802(d)(2) which provides:

§ 3802. Driving under influence of alcohol or controlled substance

\* \* \*

**(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\* \* \*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2). . . .

***Commonwealth v. LaBenne***, 21 A.3d 1287, 1289–90 (Pa. Super. 2011) (case citation omitted).

In ***Commonwealth v. Griffith***, 32 A.3d 1231 (Pa. 2011), our Supreme Court held that evidence was sufficient to prove that appellant violated section 3802(d)(2), where such evidence consisted of the testimony of two Troopers who testified as to her behavior, demeanor, unsteadiness, and inability to perform field sobriety tests, together with appellant having conceded to taking a controlled substance earlier that day. ***See Griffith***, ***supra*** at 1240. The Court also held that expert testimony is not a mandatory requirement under section 3802(d)(2) in order to establish that a defendant's inability to drive safely was caused by ingestion of a drug. ***See id.*** at 1238.

Furthermore, even absent evidence of erratic or unsafe driving, "[e]vidence that the driver was not in control of himself, such as failing to pass a field sobriety test," may establish that the driver was incapable of safe driving. *Commonwealth v. Smith*, 831 A.2d 636, 638 (Pa. Super. 2003), *appeal denied*, 841 A.2d 531 (Pa. 2003) (concluding that evidence of failed field sobriety tests established that driver was under influence of alcohol to extent he was incapable of safe driving, notwithstanding absence of evidence of erratic or unsafe driving).

In the instant case, Trooper Flemming testified that he smelled marijuana emanating from Appellant's vehicle and Appellant was slow and sluggish responding to things. (*See* N.T. Trial, at 15-16). Appellant admitted to smoking some marijuana a couple hours prior to the arrest. (*See id.* at 16-17). Furthermore, during both field sobriety tests, Appellant demonstrated cues that indicated possible intoxication. (*See id.* at 25, 28). Finally, Trooper Flemming testified that, after administering the ARIDE Romberg balance test, he observed Appellant had major eyelid tremors, which are indicative of marijuana use. (*See id.* at 29-31). Finally, he opined that based on his training and experience and observations, Appellant was driving under the influence of a drug, which impaired his ability to drive safely. (*See id.* at 31).

Upon review, we conclude that the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to prove that Appellant was under the influence of a drug such that he was incapable of

safely driving. **_See Griffith_**, **_supra_** at 1240; **_LaBenne_**, **_supra_** at 1289–90.

Appellant's challenge to the sufficiency of the evidence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2018