J-S29040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND LEWIS JORDAN, JR. | : | |
| | : | |
| Appellant | : | No. 1233 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 30, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008591-2020

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[1*]

MEMORANDUM BY COLINS, J.:                **FILED: DECEMBER 19, 2022**

Appellant, Raymond Lewis Jordan, Jr., appeals from the judgment of sentence imposed for his convictions for Driving Under the Influence (DUI) General Impairment and two summary Vehicle Code offenses, Failure to Stop at Red Signal and Improper Left Turn.[2]  For the reasons set forth below, we affirm.

At approximately 11:00 p.m. on September 5, 2020, Appellant was driving in West Mifflin Borough and made a left turn from a non-turning lane when the left turn light at the intersection was red.  N.T. Trial and Sentencing

---

[*] Retired Senior Judge assigned to the Superior Court.

[2] 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. §§ 3112(a)(3)(i) and 3331(b), respectively.

at 4-6; Defendant's Ex. A. A police officer driving behind Appellant saw Appellant making this turn and followed Appellant's car. N.T. Trial and Sentencing at 5-6, 11-12. After following Appellant's car for approximately five minutes and observing it veering to the right side of the road and going over the fog line several times and going onto the berm once, the police officer activated his lights and Appellant pulled over and stopped his car. *Id.* at 6-7, 15-16; Defendant's Ex. A.

When the officer approached the driver side window and made contact with Appellant, the officer detected a strong smell of alcohol coming from the car and observed that Appellant's eyes were bloodshot and glassy and that Appellant's speech was slurred. N.T. Trial and Sentencing at 7. The officer conducted field sobriety tests and Appellant failed these tests. *Id.* at 8-9. The officer then placed Appellant under arrest for DUI. *Id.* at 9. The officer asked Appellant if he would submit to a preliminary breath alcohol test and Appellant declined. *Id.* at 9-10. The officer also asked Appellant submit to a blood test and Appellant initially agreed, but ultimately refused the blood test. *Id.* at 10. Appellant's illegal left turn, his driving while the officer followed him and the traffic stop were captured on the police car's dashboard video camera, but that video did not record sound or capture the sobriety tests that Appellant failed, which were conducted to the right of the vehicles. *Id.* at 6, 8, 12-15, 22; Defendant's Ex. A.

Appellant was charged with DUI General Impairment and the summary Vehicle Code offenses of Failure to Stop at Red Signal, Disregard Traffic Lane, and Improper Left Turn. On June 30, 2021, a non-jury trial was held at which the arresting officer testified and the video recording was introduced in evidence and played. The trial court found Appellant guilty of DUI General Impairment, Failure to Stop at Red Signal and Improper Left Turn and acquitted Appellant on the Disregard Traffic Lane charge. N.T. Trial and Sentencing at 37-38. The trial court then sentenced Appellant to six months' probation and a $300 fine on the DUI conviction and imposed no further penalty for the Failure to Stop at Red Signal and Improper Left Turn convictions. *Id.* at 40-41; Sentencing Order.

Appellant filed a timely post sentence motion on July 8, 2021 in which he asserted that the evidence at trial was insufficient to prove that he was incapable of safe driving and therefore was insufficient to support his DUI conviction and alternatively sought a new trial on the ground that the DUI guilty verdict was against the weight of the evidence. On September 17, 2021, the trial court entered an order denying Appellant's post sentence motion. Trial Court Order, 9/17/21. This timely appeal followed.

Appellant presents the following two issues for our review:

I. Did the Commonwealth fail to provide sufficient evidence to support Mr. Jordan's conviction for DUI?

II. In the alternative, should the guilty verdict in this case shock the conscience of the Court because the finding of guilt on the DUI charge is contrary to the weight of the evidence provided at trial?

- 3 -

Appellant's Brief at 7 (suggested answers omitted). Neither of these issues merits relief.

Our standard of review in a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (quoting *Commonwealth v. LaBenne*, 21 A.3d 1287 (Pa. Super. 2011)).

The Vehicle Code defines the offense of DUI General Impairment in relevant part as follows:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1) (emphasis in original). The elements that the Commonwealth must prove to convict a defendant of this offense are (1) that the defendant operated of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him incapable of safe driving. *Commonwealth v. Donoughe*, 243 A.3d 980, 985 (Pa. Super. 2020); *Gause*, 164 A.3d at 541. To prove the second element, the Commonwealth must show that alcohol substantially impaired the normal mental and physical faculties required to safely drive. *Commonwealth v. Banks*, 253 A.3d 768, 775 (Pa. Super. 2021); *Donoughe*, 243 A.3d at 985-86; *Gause*, 164 A.3d at 541.

Substantial impairment of the faculties necessary to safely drive is a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. *Banks*, 253 A.3d at 775; *Gause*, 164 A.3d at 541; *Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000). Substantial impairment from alcohol can be proved by evidence concerning the defendant's manner of driving, the defendant's performance on field sobriety tests, the defendant's demeanor, the defendant's physical appearance, particularly bloodshot eyes and other physical signs of intoxication, whether there is an odor of alcohol, and whether the defendant's speech is slurred. *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009); *Donoughe*, 243 A.3d at 986; *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa. Super. 2013). A police officer who observed the

defendant's appearance and behavior is competent to express an opinion that the defendant was impaired by alcohol. *Banks*, 253 A.3d at 775; *Palmer*, 751 A.2d at 228.

Here, the police officer who stopped Appellant and arrested him for DUI testified that he smelled a strong odor of alcohol coming from the car when he spoke to Appellant at the driver's side window, that Appellant's eyes were bloodshot and glassy, that Appellant's speech was slurred, and that Appellant failed sobriety tests that the officer conducted. N.T. Trial and Sentencing at 7-9. There was also evidence that Appellant exhibited diminished judgment in his driving, as both the officer's testimony and the video recording showed that Appellant made a left turn from the wrong lane against a red light, and diminished driving ability, as the video showed Appellant drifting in his lane, going over the fog line several times, and going onto the berm once. *Id.* at 5-6; Defendant's Ex. A. In addition, the officer testified that in his opinion, based on his observations, Appellant was impaired by alcohol. N.T. Trial and Sentencing at 10-11.

This evidence was sufficient to prove that Appellant was driving while substantially impaired by alcohol and therefore under the influence of alcohol to a degree that rendered him incapable of safe driving. *Donoughe*, 243 A.3d at 986 n.8 (evidence that there was a strong odor of alcohol and that the defendant had glassy and bloodshot eyes, moved very slowly, and failed one field sobriety test was sufficient to support DUI conviction); *Commonwealth*

*v. Giron*, 155 A.3d 635, 637-38 (Pa. Super. 2017) (evidence that the defendant sideswiped a parked car, had difficulty walking, and had glassy and bloodshot eyes and slurred speech and that the defendant's vehicle smelled of alcohol was sufficient to support DUI conviction); **Commonwealth v. Mobley**, 14 A.3d 887, 890 (Pa. Super. 2011) (evidence that the defendant failed field sobriety tests, smelled of alcohol, and had committed a traffic violation of coasting through a stop sign without coming to a full stop was sufficient support to DUI conviction); **Palmer**, 751 A.2d at 228 (evidence that the defendant failed field sobriety tests, smelled of alcohol, had difficulty walking, and had glassy and bloodshot eyes and police officer's opinion that the defendant was impaired were sufficient to support DUI conviction).

Appellant argues that the evidence was not sufficient to show that he was incapable of safely driving because he drove for an extended period during which he stopped at stop signs and properly used his turn signal, did not lose control of the car, and did not cause any accident. That argument is without merit. The fact that the defendant successfully drove for an extended period without causing an accident or losing control of his vehicle does not preclude a finding that the defendant was impaired and incapable of safely driving. **Banks**, 253 A.3d at 772, 776-77 (rejecting argument that the defendant was not impaired because he drove 60 miles at high speeds without losing control of his vehicle or having an accident). Indeed, it is not even necessary that the Commonwealth show any erratic or unsafe driving to prove DUI under

Section 3802(a)(1) of the Vehicle Code if there is other evidence of impairment. ***Donoughe***, 243 A.3d at 986; ***Mobley***, 14 A.3d at 890; ***Palmer***, 751 A.2d at 228.

Appellant's second issue likewise fails. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks the trial court's sense of justice. ***Commonwealth v. James***, 268 A.3d 461, 468 (Pa. Super. 2021); ***Commonwealth v. Antidormi***, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. ***Commonwealth v. Clemons***, 200 A.3d 441, 463-64 (Pa. 2019); ***Commonwealth v. Delmonico***, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

***Antidormi***, 84 A.3d at 758 (quoting ***Commonwealth v. Clay***, 64 A.3d 1049, (Pa. 2013)) (brackets omitted).

Appellant argues that the verdict must be found against the weight of the evidence because the video recording allegedly contradicted the officer's testimony concerning Appellant's driving and because the trial court in

rendering its verdict stated that the video evidence caused him to "pause a moment." N.T. Trial and Sentencing at 35. Neither of these contentions shows that the trial court abused its discretion in concluding that its verdict did not shock its sense of justice.

Contrary to Appellant's assertions, the video recording showed Appellant driving unsafely and erratically and did not significantly contradict the police officer's testimony. The video showed Appellant making the left turn from the wrong lane and against the light and showed Appellant's car repeatedly drifting in its lane, going over the fog line multiple times, and going onto the berm. Defendant's Ex. A. The only notable difference between the officer's testimony and the video was that the video did not appear to support officer's perception, N.T. Trial and Sentencing at 6-7, that Appellant's illegal turn and drifting came close to causing accidents. Since proof that the defendant's driving nearly caused an accident is not a prerequisite to finding that the defendant was incapable of safely driving, that difference does not suggest that the trial court in its verdict in any way disregarded or failed to give proper weight to the objective video evidence. Indeed, the trial court made clear in both its verdict and its denial of the Appellant's post sentence motion that it fully considered the video evidence and did not base its verdict on anything contrary to the video evidence. *Id.* at 35-36; Trial Court Memorandum, 9/17/21, at 2-3.

The trial court's statement in rendering its verdict also does not make its DUI verdict shocking. The trial court stated:

> The visual evidence from the webcam does cause me to pause a moment, and [Appellant] did operate his vehicle, he did use his turn signals, he did have control of his vehicle through quite a section of the roadway.

N.T. Trial and Sentencing at 35. This statement was made when the trial court was considering the evidence of Appellant's driving, not in its consideration of the totality of the evidence of impairment. After also noting that the video showed Appellant making the illegal left turn and gently swerving as he drove, the trial court went on to consider the non-driving evidence of impairment, found the police officer's testimony concerning Appellant's condition and the sobriety tests fully credible, and concluded from the totality of the evidence that it was convinced beyond a reasonable doubt that Appellant was under the influence of alcohol to a degree that rendered him incapable of safe driving. *Id.* at 35-38.

Because the evidence was sufficient to prove the elements of the offense of DUI General Impairment and the trial court did not abuse its discretion in rejecting Appellant's claim that the verdict was against the weight of the evidence, both issues raised by Appellant in this appeal fail. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/19/2022