J-A13005-23

2023 PA Super 122

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEITH WILLIAM CORSON :
:
Appellant : No. 929 MDA 2022

Appeal from the Judgment of Sentence Entered June 1, 2022
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000168-2021

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY BOWES, J.:                         **FILED JUNE 11, 2023**

Keith William Corson appeals from the judgment imposed for his convictions of multiple counts of driving under the influence ("DUI") and summary offenses. Specifically, Appellant challenges the denial of his pre-trial motion to compel the District Attorney ("DA") to nominate him for an Accelerated Rehabilitative Disposition ("ARD") program. Upon review, we vacate Appellant's judgment of sentence and convictions and remand for further proceedings consistent with this opinion.

We begin with some background information pertinent to our discussion. "ARD is a pretrial disposition of certain cases in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation

_____

[*] Former Justice specially assigned to the Superior Court.

program, the content of which is to be determined by the court and applicable statutes." ***Commonwealth v. Gano***, 781 A.2d 1276, 1278 (Pa.Super. 2001). "The impetus behind the creation of ARD was and remains a belief that some cases which . . . involve social or behavioral problems can best be solved by programs and treatment rather than by punishment." ***Id***. (cleaned up).

Our legislature has mandated that each judicial district's court of common pleas "establish and implement a program for [ARD] for persons charged with [DUI] in accordance with the [pertinent provisions of the Vehicle Code] and rules adopted by the Supreme Court." 75 Pa.C.S. § 1552. Our High Court issued Pa.R.Crim.P. 300 through 320 to supply the procedures for ARD.[1] Pursuant to these rules, "the initial decision to recommend a case for ARD lies solely with the prosecutor." ***Commonwealth v. Cline***, 800 A.2d 978, 981 (Pa.Super. 2002). When such a recommendation is made, the trial court conducts a hearing pursuant to Pa.R.Crim.P. 312 and 313 to determine whether the defendant understands ARD and agrees to its terms, whereupon it then decides to grant or deny ARD.[2] ***Id***. The prosecutor may withdraw the

---

[1] "[T]he Rules promulgated by the Supreme Court . . are the sole applicable criteria to govern the procedures for admission into the ARD program." ***Commonwealth v. Corrigan***, 992 A.2d 126, 131 (Pa.Super. 2010).

[2] These Rules provide, *inter alia*, that after the defendant indicates an understanding of ARD and the Commonwealth presents the facts of the case, the judge either accepts the case for ARD and state the conditions of the program or declines to accept and orders that the case proceed in the ordinary fashion. ***See*** Pa.R.Crim.P. 312 ("Hearing, Explanation of Program"); Pa.R.Crim.P. 313 ("Hearing, Manner of Proceeding").

ARD recommendation at any time before the trial court rules upon it. *Id*. at 982.

If the DA declines to move for a defendant's admission to ARD, the defendant may ask the trial court to compel the Commonwealth to move for his admission. The trial court reviews the prosecutor's refusal for an abuse of discretion. An abuse of discretion in this context occurs if the DA based the decision upon reasons "wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations." ***Commonwealth v. LaBenne***, 21 A.3d 1287, 1291 (Pa.Super. 2011) (cleaned up).

If ARD is granted, but a defendant fails to comply with its conditions, the program may be terminated by order of court for the Commonwealth to proceed with the prosecution. ***See*** Pa.R.Crim.P. 318. On the other hand, when a defendant successfully completes ARD, he may move for an order of court dismissing the charges and expunging the defendant's arrest record as it pertains to the charged offense. ***See*** Pa.R.Crim.P. 319-320. However, by statute, the acceptance into ARD nonetheless counts as a prior offense for sentencing purposes should the defendant be convicted of a subsequent DUI. ***See*** 75 Pa.C.S. §§ 3804 (providing enhanced penalties for second and subsequent DUI violations), 3806(a)(1) (including ARD in the definition of "prior offense").

In May 2020, this Court decided ***Commonwealth v. Chichkin***, 232 A.3d 959, 967 (Pa.Super. 2020), holding that it was unconstitutional to categorize prior acceptance into ARD as a prior conviction in light of the requirement of ***Alleyne v. United States***, 570 U.S. 99 (2013), that any fact that enhances a sentence must be determined by the fact-finder beyond a reasonable doubt.[3]  In response, DAs in some judicial districts altered their approach to nominating DUI defendants for ARD.

In Union County, where the instant matter arose, the DA initially required first-time DUI offenders to admit guilt and waive the right to seek expungement for ten years before ARD would be offered.  The trial court struck down those conditions on June 16, 2021, as a result of challenges raised by other defendants.  ***See*** Attachment to Trial Court Opinion, 8/26/22 (trial court opinion in ***Commonwealth v. Vera***, CP-60-CR-0000037-2020 (Union Co. C.C.P. August 31, 2021)).  Consequently, the DA adopted the blanket policy of refusing to nominate any DUI offenders for ARD.  The trial court upheld this decision, concluding that, while it may disagree with the DA's assessment, the articulated reasons validly were based upon the protection of society and success in rehabilitation and therefore not an abuse of discretion.  ***See Vera***, ***supra*** (slip. op. at unnumbered 2-3)

---

[3] As we discuss *infra*, ***Chichkin*** was later overruled by ***Commonwealth v. Richards***, 284 A.3d 214 (Pa Super. 2022) (*en banc*), *appeal granted*, 518 MAL 2022, 2023 WL 2520895 (Pa. March 15, 2023), and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa.Super. 2022) (*en banc*).

Upon this background, we consider the facts of the instant case. Appellant was arrested on April 10, 2021, and charged with two counts of DUI and three summary offenses. He submitted an application to the DA to be nominated for ARD. The DA declined to nominate Appellant pursuant to the blanket policy implemented following **Chichkin**, indicating that he believed that giving defendants a "free DUI" would make recidivism more likely, to the detriment of public safety. **See** Omnibus Pretrial Motion, 8/24/21, at ¶ 6. In his omnibus pretrial motion, Appellant challenged the DA's refusal and asked the court to compel his nomination, contending that implementing the policy was an abuse of discretion, unrelated to public safety or a likelihood of possible success in rehabilitation, and in violation of § 1552's mandate that a DUI program be implemented for first-time DUI offenders. **Id**. at 25-28.

The trial court denied Appellant's motion by order of December 22, 2022, for the reasons stated in its ruling in **Vera**, **supra**. Appellant proceeded to a stipulated non-jury trial at which he was convicted of all charges. He was sentenced to probation and fines on June 1, 2022. This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant asserts that the trial court abused its discretion in denying his motion to compel his nomination to the ARD program because the DA's complete **Chichkin**-based policy of refusal and the reasons behind it constitute an abuse of discretion and "an unlawful *de facto* termination of a

legislatively mandated program pursuant to 75 Pa.C.S. § 1552[.]" Appellant's brief at 7 (citation altered).

We review a trial court's order declining a request to compel the prosecutor to nominate a defendant for an ARD program for an abuse of discretion. *See Commonwealth v. Fleming*, 955 A.2d 450, 453 (Pa.Super. 2008). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id*. (cleaned up).

Appellant argues that he is entitled to relief for the reasons proffered in his omnibus pretrial motion, namely that the DA's refusal to nominate any DUI defendants for ARD was an abuse of discretion because it: (1) was "not rationally related to either the protection of society or an individual's ability to succeed under the program," and (2) constituted "a *de facto* termination" of § 1552's legislative mandate that ARD programs shall be established and implemented for DUI defendants. *See* Appellant's brief at 12, 23.

The trial court and the Commonwealth contend that the DA's decision was not an abuse of discretion for the reasons stated in *Vera*, *supra*. *See* Trial Court Opinion, 8/26/22, at unnumbered 4; Commonwealth's brief at 4. The Commonwealth asserts that "[c]learly, the Superior Court's decision in [*Chichkin*] impacted the [DA's] policy regarding the admission of first offense [DUI] offenders into the ARD program." Commonwealth's brief at 2-3. It

further observes that, although **Chichkin** was overruled by **Commonwealth v. Richards**, 284 A.3d 214 (Pa.Super. 2022) (*en banc*), *appeal granted*, 518 MAL 2022, 2023 WL 2520895 (Pa. March 15, 2023), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa.Super. 2022) (*en banc*),[4] while this appeal was pending, "**Chichkin** was in effect at all times relevant to the instant case and held generally that an ARD disposition could not be used as a first offense when grading a second or subsequent DUI offense."  Commonwealth's brief at 3.

This Court recently examined the impact of **Chichkin**'s overruling on a **Chichkin**-based wholesale refusal to consider DUI defendants for ARD in **Commonwealth v. H.C.G.**, 1472 MDA 2021, 2023 WL 3451897 (Pa.Super. May 15, 2023) (non-precedential decision).  In that case, the Mifflin County DA, "in the wake of this Court's decision in **Chichkin**, . . . instituted a blanket policy of refusing ARD to all defendants charged with DUI."  **Id**. at *2.  When the DUI defendant H.C.G. sought to compel the DA to nominate him for ARD, the trial court denied the defendant's motion, explaining that "it was persuaded by the Commonwealth that the denial of ARD for first time DUI

---

[4] Subsequent to our overruling of **Chichkin**, its holding was affirmed *per curiam* by an equally divided Court in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023).  Since **Verbeck** has no precedential value, **Richards** and **Moroz** are currently the controlling law such that ARD counts as a prior offense for purposes of sentencing for a subsequent DUI offense. **See**, **e.g.**, **Commonwealth v. Mosley**, 114 A.3d 1072, 1082 (Pa.Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court, . . . no precedent is established and the holding is not binding on other cases.").

offenses in light of **Chichkin** is for the protection of society." **Id**. at *2 (cleaned up).

This Court addressed H.C.G.'s challenge to the trial court's denial of his motion to compel the DA to move for his admission to the ARD program as follows:

> **Chichkin** . . . is no longer controlling law in Pennsylvania. In [**Moroz**, **supra**], this Court expressly overruled **Chichkin** and held that the Motor Vehicle Code's recognition of acceptance of ARD as a prior conviction for purposes of imposing a [§] 3804 mandatory minimum sentence passes constitutional muster. Since this Court has overruled **Chichkin**, the Commonwealth's blanket policy of ARD refusal to DUI defendants is arbitrary and bears no relation to the protection of society or the potential for successful rehabilitation of the offender. The Commonwealth's refusal to admit Appellant into ARD based on this policy was, thus, an abuse of its discretion.[9]
>
> _____
> [9] The trial court's failure to admit Appellant into the ARD program is likewise an abuse of discretion. We recognize that this Court decided **Moroz** during the pendency of [H.C.G.]'s direct appeal. The trial court was, thus, proceeding according to the law in effect at the time it rendered its decision. [H.C.G.] is nonetheless entitled to application of **Moroz** on direct appeal.

**Id**. at *3 (cleaned up). Therefore, this Court vacated H.C.G.'s convictions and sentence and remanded for the trial court to hold an ARD hearing pursuant to Pa.R.Crim.P. 312 and 313.

We are persuaded in part by the reasoning of the **H.C.G.** decision.[5] That decision correctly observes that, even when a trial court's decision was not legally erroneous at the time it was made, a criminal defendant has the right to benefit from a change in the law on appeal when he has preserved the issue for review. ***See***, ***e.g.***, ***Commonwealth v. Ardestani***, 736 A.2d 552, 556 (Pa. 1999) (plurality) (holding that a decision issued during the pendency of the defendant's direct appeal overruling the trial court's basis for denying the defendant's pretrial motion applied to require reversal and remand for a new trial); ***Commonwealth v. Chaney***, 350 A.2d 829, 830 (Pa. 1975) (same). Therefore, we agree that Appellant is entitled to relief where the overruling of **Chichkin** wholly undermined the basis of the trial court's conclusion that the DA's blanket policy was a fair exercise of his discretion.

However, rather than remand for an ARD hearing as did the **H.C.G.** Court, we deem it more appropriate to remand for the DA to reconsider Appellant's application to be nominated for ARD in light of the prevailing law rather than proceed directly to an ARD hearing which, in accordance with Rule 312 and 313, is premised upon a DA's prior nomination of Appellant into ARD. Nonetheless, we must vacate Appellant's judgment of sentence and

---

[5] While non-precedential decisions may be cited for their persuasive value in light of the 2019 amendments to Pa.R.A.P. 126, they remain, by definition, non-binding in other cases. ***See Commonwealth v. Rowe***, 293 A.3d 733, 744 (Pa.Super. 2023) (citing Pa.R.A.P. 126(b)(2)).

convictions to reset the case to the pre-trial stage.[6] **Accord Commonwealth v. Corrigan**, 992 A.2d 126, 132 (Pa.Super. 2010) (vacating judgment of sentence and remanding for reconsideration of ARD application).

Judgment of sentence and convictions vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2023

---

[6] As did the **H.C.G.** Court, we make it plain "that because we vacate Appellant's conviction for a reason other than insufficient evidence or prosecutorial misconduct, the Double Jeopardy Clause would not preclude retrial for the instant charges should Appellant not qualify for, refuse to accept, or fail to complete ARD." **Commonwealth v. H.C.G.**, 1472 MDA 2021, 2023 WL 3451897, at *3 n.11 (Pa.Super. May 15, 2023).