J-S15007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL W. MUFSON | : | |
| | : | |
| Appellant | : | No. 1453 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000010-2020

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                **FILED: NOVEMBER 21, 2023**

Samuel W. Mufson appeals from his judgment of sentence of probation and fines imposed for his convictions of multiple counts of driving under the influence ("DUI") and summary offenses.  Specifically, Appellant challenges denial of his pre-trial motion to compel the District Attorney's Office ("DA") to nominate him into an Accelerated Rehabilitative Disposition ("ARD") program. We vacate Appellant's judgment of sentence and convictions and remand for further proceedings consistent with this memorandum.

Appellant was charged with three counts of first-offense DUI by complaint filed on November 26, 2019.  He waived his preliminary hearing and arraignment and submitted an application for ARD.  The trial court summarized the subsequent history of this case as follows:

> [Appellant] was scheduled for [an ARD] hearing on April 6, 2020.  Unfortunately, due to the imposition of a COVID related

judicial emergency order, the ARD hearing was cancelled, with a rescheduled date to occur after the expiration of the judicial emergency. The Union County [DA] declined to move [Appellant] into the ARD program in light of the holding of ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020).[1] [Appellant] filed a motion to reinstate [the ARD] program for first offense [DUI] cases in Union County and motion to compel nomination for [ARD] on September 28, 2020. The motion challenged the [DA's] decision to not admit [Appellant] into an [ARD] program. President Judge Michael Hudock presided over the hearing and argument held on [Appellant]'s Motion on November 19, 2020. Judge Hudock promulgated an order dated January 21, 2021 dismissing [Appellant]'s motion . . on the basis of [Appellant]'s motion being moot [because the DA had reinstated an ARD program for first-time DUI offenders, albeit with preconditions for nomination designed to contend with ***Chichkin***].

On or about March 5, 2021, [Appellant] filed a motion challenging certain pre-conditions for nomination, conditions imposed as part of ARD program, and post-ARD completion limitations. Judge Hudock presided over a hearing on May 19, 2021 regarding [Appellant]'s challenge . . . . [The trial court], in its opinion and order dated June 16, 2021, sustained [Appellant]'s challenges to the [DA's] preconditions to entry into the ARD program for DUI offenders. The court further ordered that the [DA] could not require a defendant to plead guilty or acknowledge guilty beyond a reasonable doubt or waive the right to seek expungement for a period of ten years. The court dismissed [Appellant]'s challenge to the length of ARD program for DUI offenders as moot. The court denied [Appellant]'s challenge to the use of electronic monitoring in the ARD program for DUI offenders.

_____

[1] In ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa.Super. 2020), this Court held that 75 Pa.C.S. §§ 3804 and 3806(a)(1) were unconstitutional insofar as they categorized prior acceptance into ARD as a prior conviction for purposes of sentencing on a subsequent DUI conviction. ***Id***. at 967 (relying upon the requirement of ***Alleyne v. United States***, 570 U.S. 99 (2013), that any fact that enhances a sentence must be determined by the fact-finder beyond a reasonable doubt). As we discuss *infra*, ***Chichkin*** was later overruled by ***Commonwealth v. Richards***, 284 A.3d 214 (Pa Super. 2022) (*en banc*), *appeal granted*, 518 MAL 2022, 2023 WL 2520895 (Pa. March 15, 2023), and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa.Super. 2022) (*en banc*).

[In response, the DA adopted a blanket policy of refusing to nominate any DUI offenders for ARD. Thereafter, Appellant] filed a renewed motion to reinstate [ARD] on August 17, 2021. On September 2, 2021, after an on-the-record discussion with counsel, the court continued [Appellant]'s pre-trial conference to give [Appellant] and his counsel an opportunity to review th[e trial c]ourt's opinion in the case of [**Commonwealth v. Vera**, CP-60-CR-0000037-2020 (Union Co. C.C.P. August 31, 2021), in which the trial court held that while it may disagree with the DA's assessment, the articulated reasons validly were based upon the protection of society and success in rehabilitation and therefore not an abuse of discretion,] and for [Appellant] to make a determination whether he wished to proceed on his motion to compel ARD or to pursue a bench trial. The court held a pre-trial conference on December 13, 2021 and directed the case proceed to a bench trial. The court denied [Appellant]'s renewed motion . . . on December 17, 2021.

Trial Court Opinion, 12/2/22, at unnumbered 1-3 (cleaned up). The trial court found Appellant guilty of all counts on May 24, 2022, and sentenced him to probation and fines on September 19, 2022. This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant asserts that the trial court abused its discretion in denying his motion to compel nomination to the ARD program. We review a trial court's order declining a request to compel the prosecutor to nominate a defendant for an ARD program for an abuse of discretion. **See Commonwealth v. Fleming**, 955 A.2d 450, 453 (Pa.Super. 2008). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Id**. (cleaned up).

- 3 -

Appellant contends that the trial court should have compelled the DA to nominate him for ARD because, *inter alia*, the DA's complete **Chichkin**-based policy of refusal and the reasons behind it constitute an abuse of discretion and "an unlawful *de facto* termination of a legislatively mandated program pursuant to 75 Pa.C.S. § 1552[.]" Appellant's brief at 9-10 (citation altered).

The trial court and the Commonwealth contend that the DA's decision was not an abuse of discretion for the reasons stated in **Vera**, **supra**. **See** Trial Court Opinion, 12/2/22, at unnumbered 5-6; Commonwealth's brief at 4-5. The Commonwealth asserts that "[c]learly, the Superior Court's decision in [**Chichkin**] impacted the [DA's] policy regarding the admission of first offense [DUI] offenders into the ARD program." Commonwealth's brief at 2-3. It further observes that, although **Chichkin** was overruled by **Commonwealth v. Richards**, 284 A.3d 214 (Pa.Super. 2022) (*en banc*), *appeal granted*, 518 MAL 2022, 2023 WL 2520895 (Pa. March 15, 2023), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa.Super. 2022) (*en banc*),[2] while this appeal was pending, "**Chichkin** was in effect at all times relevant to the instant case and held generally that an ARD disposition could not be used as

---

[2] Subsequent to our overruling of **Chichkin**, its holding was affirmed *per curiam* by an equally divided Court in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023). Since **Verbeck** has no precedential value, **Richards** and **Moroz** are currently the controlling law such that ARD counts as a prior offense for purposes of sentencing for a subsequent DUI offense. **See**, **e.g.**, **Commonwealth v. Mosley**, 114 A.3d 1072, 1082 (Pa.Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court, . . . no precedent is established and the holding is not binding on other cases.").

a first offense when grading a second or subsequent DUI offense." Commonwealth's brief at 3.

This Court recently examined the impact of **Chichkin**'s overruling on a DA's wholesale refusal to consider DUI defendants for ARD in **Commonwealth v. H.C.G.**, 1472 MDA 2021, 2023 WL 3451897 (Pa.Super. May 15, 2023) (non-precedential decision), and **Commonwealth v. Corson**, ___ A.3d ___, 2023 PA Super 122, 2023 WL 4441637 (Pa.Super. June 11, 2023). In **H.C.G.**, the Mifflin County DA, "in the wake of this Court's decision in **Chichkin**, . . . instituted a blanket policy of refusing ARD to all defendants charged with DUI." **Id**. at *2. When DUI defendant H.C.G. sought to compel the DA to nominate him for ARD, the trial court denied the motion, explaining that "it was persuaded by the Commonwealth that the denial of ARD for first time DUI offenses in light of **Chichkin** is for the protection of society." **Id**. at *2 (cleaned up).

This Court addressed H.C.G.'s challenge to the trial court's denial of his motion to compel the DA to move for his admission to the ARD program as follows:

> **Chichkin** . . . is no longer controlling law in Pennsylvania. In [**Moroz**, **supra**], this Court expressly overruled **Chichkin** and held that the Motor Vehicle Code's recognition of acceptance of ARD as a prior conviction for purposes of imposing a [§] 3804 mandatory minimum sentence passes constitutional muster. Since this Court has overruled **Chichkin**, the Commonwealth's blanket policy of ARD refusal to DUI defendants is arbitrary and bears no relation to the protection of society or the potential for successful rehabilitation of the offender. The Commonwealth's

refusal to admit Appellant into ARD based on this policy was, thus, an abuse of its discretion.[9]

_____

[9] The trial court's failure to admit Appellant into the ARD program is likewise an abuse of discretion. We recognize that this Court decided **Moroz** during the pendency of [H.C.G.]'s direct appeal. The trial court was, thus, proceeding according to the law in effect at the time it rendered its decision. [H.C.G.] is nonetheless entitled to application of **Moroz** on direct appeal.

*Id*. at *3 (cleaned up). Therefore, this Court vacated H.C.G.'s convictions and sentence and remanded for the trial court to hold an ARD hearing pursuant to Pa.R.Crim.P. 312 and 313.

In **Corson**, which involved the Union County DA as does the case *sub judice*, we concluded that we were "persuaded in part by the reasoning of the **H.C.G.** decision." **Corson**, **supra** (slip. op. at 9) (noting that "[w]hile non-precedential decisions may be cited for their persuasive value in light of the 2019 amendments to Pa.R.A.P. 126, they remain, by definition, non-binding in other cases."). Specifically, we determined that the **H.C.G.** decision correctly observed that, "even when a trial court's decision was not legally erroneous at the time it was made, a criminal defendant has the right to benefit from a change in the law on appeal when he has preserved the issue for review." **Id**. Therefore, we agreed that Corson was "entitled to relief where the overruling of **Chichkin** wholly undermined the basis of the trial court's conclusion that the DA's blanket policy was a fair exercise of his discretion." **Id**.

However, rather than remand for an ARD hearing, the **Corson** Court ruled that it was "more appropriate to remand for the DA to reconsider [Corson]'s application to be nominated for ARD in light of the prevailing law rather than proceed directly to an ARD hearing which, in accordance with Rule 312 and 313, is premised upon a DA's prior nomination of [Corson] into ARD." **Id**. Accordingly, we vacated Corson's "judgment of sentence and convictions to reset the case to the pre-trial stage." **Id**. (slip. op. at 9-10).

The instant case is materially indistinguishable from **Corson**. Indeed, the Union County DA's reasons for the blanket prohibition, and argument in support of it despite **Chichkin**'s overruling, are identical in both cases. Therefore, we likewise vacate Appellant's judgment of sentence and convictions and remand for the DA to reconsider Appellant's application to be nominated for ARD in light of the prevailing law.

Judgment of sentence and convictions vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Stabile joins this Memorandum.

Judge Sullivan files a Concurring Statement.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/21/2023