J-S15007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL W. MUFSON | : | |
| | : | |
| Appellant | : | No. 1453 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Union County
Criminal Division at No(s):  CP-60-CR-0000010-2020

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

CONCURRING STATEMENT BY SULLIVAN, J.:    **FILED: NOVEMBER 21, 2023**

While I join the majority memorandum's grant of a remand for the District Attorney of Union County to review and determine whether to admit Mufson into the Accelerated Rehabilitative Disposition ("ARD") program, I write separately to underscore the limited nature of the holding in this case and to emphasize the broad discretion accorded the Commonwealth in determining whether to grant ARD for Driving Under the Influence ("DUI").[1]

Consistent with this Court's opinion in **_Commonwealth v. Corson_**, 299 A.3d 172 (Pa. Super. 2023), the majority memorandum holds that a blanket policy of refusing to nominate any DUI offenders for ARD is arbitrary and bears no relation to the protection of society or the potential for successful

---

[1] The criteria of 75 Pa.C.S.A. § 3807 govern admission into ARD for a DUI.

rehabilitation of the offender. **See** Majority at 5-7 (citing **Corson**, 299 A.3d at 176). The majority reasons that the recent *en banc* decisions in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) overrule **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), and permit a prior acceptance into ARD for a DUI offense to be counted as a prior conviction for sentencing on a subsequent DUI. The majority finds that the overruling of **Chichkin**, which barred consideration of a prior grant of DUI in sentencing for a subsequent DUI, "wholly undermined the basis of the trial court's conclusion that the DA's blanket policy was a fair exercise of his discretion." **See Corson**, 299 A.3d at 178. Because Mufson was denied ARD under this blanket policy, the majority remands this case for the prosecuting authority to re-consider Mufson's application for ARD. **See** Majority at 7.

I agree with the result and the majority's assertion that a blanket refusal to review an ARD application in all instances of first-offense DUIs is an abuse of the Commonwealth's extensive discretion in this arena; however, the holding here should be limited to that principle alone. That is, a county DA's office, as a policy, cannot refuse to review any and all first time DUI ARD

applications because they disagree with the **Chichkin** holding or for any other non-viable policy reason.[2]

I am also mindful of the precepts the Supreme Court has set forth concerning ARD, specifically that admission to an ARD program is not a matter of right, but a privilege, a prosecuting attorney's discretion concerning ARD is "subject to few limitations," a district attorney is not to be faulted if he errs on the side of caution, and finally:

> [t]he decision to submit [a] case for ARD rests in the sound discretion of the district attorney, and **absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society** and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

**Commonwealth v. Lutz**, 495 A.2d 928, 933, 935 (Pa. 1985). **Accord Commonwealth v. Corrigan**, 992 A.2d 126, 130 (Pa. Super. 2010).[3] I thus concur with the remand in this case with the understanding that a county DA's

---

[2] It bears mentioning that although the majority is correct that **Moroz** and **Richards** are currently the controlling law in Pennsylvania, the Pennsylvania Supreme Court's plurality opinion in **Commonwealth v. Verbeck**, 290 A.3d 360 (Pa. 2023) (upholding **Chichkin**), and their decision to grant review in **Richards** clearly show the **Richards** and **Moroz** decisions are not necessarily settled law.

[3] In **Corrigan**, this Court noted that **Lutz** addresses prior versions of the Rules of Criminal Procedure and the Motor Vehicle Code but concludes that its analysis is "highly relevant and applicable to the presently constituted Rules and Code." **Corrigan**, 992 A.2d at 129, n.3.

office may not adopt a blanket policy refusing review of ARD applications for DUIs, which policy bears no logical relation to the protection or society or an offender's potential for rehabilitation. However, I note that appellate review of a prosecuting attorney's ARD decision is extremely deferential and will not be reversed absent an exercise of that discretion patently unrelated to public safety or an offender's potential for successful rehabilitation.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2023